**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
**Vincent M. Giblin, Esq. - #021011995**
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel.: (201) 928-1100
*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 BENEFIT FUNDS,<br><br>      Petitioners,<br><br>    vs.<br><br>CONQUEST INDUSTRIES,<br><br>      Respondent. | Civil Action No.:<br>_____ (_____)(_____)<br><br><br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

  Petitioners, Trustees of the International Union of Operating Engineers Local 825 Benefit Funds ("Funds" or "Trustees") (collectively, "Petitioners"), by their undersigned attorneys, as and for their Petition, allege and say:

1. Petitioners petition this Court for an Order pursuant to Federal Arbitration Act, ("FAA"), 9 U.S.C. §§ 9 and 13, confirming the Permanent Arbitrator's Awards issued in the Funds' favor, and directing that judgment be entered accordingly. This petition is made on the following grounds.

2. At all times relevant, the Funds were, and still are, trust funds within the meaning of § 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 (e) and (f), and administered at 65 Springfield Avenue, 2nd Floor, Springfield, New Jersey 07081.

#3178108

3. The Trustees of the Funds are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). In that capacity, the Trustees maintain a principal place of business at 65 Springfield Avenue, 2nd Floor, Springfield, New Jersey 07081.

4. Upon information and belief, at all times relevant, Conquest Industries ("Respondent") maintained a principal place of business located at 20 Carver Avenue, Westwood, New Jersey 07675.

5. The jurisdiction of this Court is based upon § 502 (e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and FAA, 9 U.S.C, § 9. Venue properly lies in this District pursuant to 29 U.S.C. § 1132(e)(2) because the Funds maintain their principal place of business in New Jersey, are administered in New Jersey, and the underlying arbitration took place in New Jersey.

6. Respondent was signatory to a Collective Bargaining Agreement, which is a valid, enforceable, and irrevocable agreement except upon such grounds as exist at law or in equity for the revocation of a contract. The making and revocation of the collective bargaining agreement is not at issue in this matter. A copy of the signature page of the collective bargaining agreement is attached hereto as "Exhibit A".

7. Respondent is also bound by Trust Agreements with the Funds and a Collection Policy promulgated by the Trustees in accordance therewith. A copy of the Collection Policy is attached hereto as "Exhibit B". Under the terms of the Collective Bargaining Agreement, Trust Agreements and Collection Policy, Respondent is required to make contributions to the Funds in amounts and at times designated by these agreements.

8. The Collection Policy provides, in substance and in part, that the Trustees may take any action necessary or appropriate to collect unpaid contributions, interest, liquidated damages, attorney's fees and costs incurred by the Funds. In accordance with that authority,

#3178108

the Funds appointed a Permanent Arbitrator with the full and complete authority and power to adjudicate claims related to delinquent employer contributions and to award appropriate damages, including but not limited to, the amount of unpaid contributions, interest, liquidated damages, attorneys' fees, audit costs, costs of the arbitration, and per diem monetary penalties.

9. Respondent was duly notified of its violations of the Collective Bargaining Agreement, Trust Agreements and Collection Policy, and that the matters would be presented to the Permanent Arbitrator on a specified date and time if the violations were not cured.

10. Pursuant to written Demands for Arbitration sent to the Respondent by Regular and Certified Mail, Return Receipt Requested, arbitration proceedings were held to determine whether the Respondent violated the Collective Bargaining Agreement and Trust Agreements by failing to submit remittance reports to the Funds. A representative of the Funds appeared before the Permanent Arbitrator and presented written proofs concerning Respondent's violation of the Collective Bargaining Agreement and Trust Agreements and unpaid amounts owed.

11. Upon finding that Respondent was duly notified of the arbitrations and after considering the evidence presented by the Funds, the Permanent Arbitrator issued written Awards in the Funds' favor pursuant to the Collective Bargaining Agreement on May 18, 2021, June 22, 2021, July 20, 2021, August 24, 2021, September 21, 2021, October 19, 2021, and January 18, 2022.

12. The Funds promptly served copies of the Awards upon Respondent, by mail on May 18, 2021, June 22, 2021, July 20, 2021, August 24, 2021, September 21, 2021, October 19,

#3178108

2021, and January 18, 2022, respectively. Copies of the Funds Cover Letters and Awards are attached hereto as "Exhibit C".

13. Pursuant to Fed. R. Civ. P. 5(b)(2)(C) and Fed. R. Civ. P. 6(d), service of the Awards was effectuated on May 21, 2021, June 25, 2021, July 23, 2021, August 27, 2021, September 24, 2021, October 22, 2021, and January 21, 2022, respectively.

14. In addition to ordering that Respondent submit all missing remittance reports, to pay any contributions due thereon, and to pay attorneys' fees and arbitration costs to the Funds, the Permanent Arbitrator further ordered Respondent to pay the Funds the sum of $100 per day, as a *per diem* fine, for each day that any missing remittance reports are not produced, to accrue beginning on the day after service of the Awards.  Nonetheless, Respondent failed and refused to comply with the Awards.

15. Accordingly, the Funds are entitled to a per diem fine of $100 from the day after service of the applicable Awards – on May 22, 2021, June 26, 2021, July 24, 2021, August 28, 2021, September 25, 2021, and October 23, 2021, respectively – to the date of the filing of this Petition.

16. A total of 3,134 days has passed between the day after service of the applicable Awards on May 22, 2021 (1,805 days), June 26, 2021 (326 days), July 24, 2021 (298 days), August 28, 2021 (263 days), September 25, 2021 (235 days), and October 23, 2021 (207 days), respectively, and the date of filing of this Petition, resulting in a per diem fine of $313,400.00

17. The Awards were made in accordance with the terms and conditions of the parties' written agreements and are in all respects proper. No application has been made to correct, vacate, or modify the Arbitrator's Awards.

#3178108

18. The parties have agreed, or the law so provides, that judgments may be entered upon the Awards made pursuant to arbitrations.

19. This application is based upon the Collective Bargaining Agreement, Trust Agreements, Collection Policy, and Awards identified above.

**WHEREFORE**, Petitioners pray for the following relief:

(a) An Order confirming the Arbitration Awards;

(b) Entry of a Judgment or Decree by the Clerk which may be enforced as any other judgment or decree;

(c) Costs of this petition and costs of all subsequent proceedings and disbursements;

(d) Costs, attorney's fees, and interest thereupon, as provided by law; and

(e) Such other relief as the Court deems equitable.

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
*Attorneys for Petitioners*

By: /s/ *Vincent M. Giblin, Esq.*
    Vincent M. Giblin, Esq.

Dated: May 18, 2022

#3178108